DECISION
The Court has before it the motion of the defendant that it exercise the jurisdiction granted to it by section 12-19-2 (b) of our General Laws (1994 Reenactment) in order that "he [may] serve his sentence in the minimum security work release unit of the Adult Correctional Institutions (ACI). (Motion, p.1). In response, the state says that "it has no objection to this request and would agree to the Court signing an order. . . ." (letter, April 27, 1999).
Following his conviction, the defendant was sentenced to serve a term of two years imprisonment. His post-sentence proceedings having been unavailing, he was committed to prison. After a forty-five day period of incarceration, he was released therefrom on bail by the Supreme Court. At the time of the filing of the instant motion, he had been again consigned to complete the two year sentence.
This motion appears to have been prompted by the defendant's inability to have himself placed in the minimum security work release unit through administrative action by the director of the ACI. As related to the Court, the impediments to that action seem to be (1) whether the defendant qualifies as a first time offender as required by section 12-19-2 (b), and (2) because the defendant has not yet served one-sixth of his sentence as required by section 42-56-21 (a) (1998 reenactment). As to the former question, the administration is uncertain whether the defendant, having been returned to prison to continue to serve his sentence after a period of freedom on bail, may be deemed to be "a first time offender."
Before the defendant was convicted in this proceeding, he had been a police officer for many years. At his sentencing, the state raised no question nor produced any evidence that the instant conviction was not the first in his lifetime. It would seem from the state's concurrence to this motion that it considers him a first time offender. The Court regarded him at that time to be a first time offender and sentenced him as such. I find as a matter of law that the fact that he was released from confinement after having begun to serve his term of imprisonment and was thereafter re-committed to complete the sentence does not deprive him presently of the status of a first time offender.
This finding becomes readily apparent had the Court, at the time of sentencing him to prison, exercised its jurisdiction under section 12-19-2 (b) and had ordered him confined to the minimum security work release unit. In that circumstance, his release from jail after having served some of the sentence and his subsequent re-incarceration could not change the first time offender status which was his on sentencing day.
Section 12-19-2 (b) empowers the Court "upon the sentencing of a first time offender" to order the convicted offender confined to minimum security at the ACI during the period that he is not engaged in his usual occupation. The Court concludes that where, as in this case, the Court fails or refuses to exercise that power "upon sentencing," it may not be exercised thereafter — at least not after the entry of the judgment of conviction.
Insofar as the jurisdiction of the Superior Court is concerned, the powers conferred upon it by the Legislature in any criminal case come to an end at that point absent some statutory authority providing a defendant with a specific post-sentence avenue of relief. The defendant has presented nothing to the Court which might persuade that it has the authority to revert to the sentencing proceeding in this case now closed, and to do now what it was not asked to do "upon the sentencing of [this] first time offender."
The Court denies the defendant's motion. In doing so, it does not deprive him conclusively of the relief which he seeks. He is not foreclosed by the Court's decision from availing himself of the benefit of section 42-56-21 (a). See, for example, State v.Pari, 553 A.2d 135 (R.I. 1989).